UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALIA BOBER,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:13-cr-0361-KJD-GWF<br>Case No. 2:18-cv-0044-KJD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE** |

　　　Before the Court is Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (#211). Defendant also filed a memorandum in support of her motion to vacate (#212). Plaintiff responded in opposition (#215) and Defendant replied (#216).

I.　　Factual and Procedural Background

　　　In 2013, a federal grand jury returned an indictment against Defendant Alia Bober ("Bober") and her co-defendants for their involvement in a drug operation. (#215, at 1). The indictment charged Bober with three counts: 1) conspiracy to manufacture and possess with intent to distribute Methylone; 2) possession with intent to manufacture and distribute Methylone; and 3) conspiracy to launder money. Id. During the prosecution of the case, the government offered Bober a plea agreement. Id. at 2. The agreement would have required Bober to agree to a total offense level of 35, resulted in a recommended Guideline range of 168–210 months, and prohibited Bober from requesting a sentence below that range. Id. Bober rejected the deal but pleaded guilty to all three counts on April 15, 2015. Id. Prior to sentencing, the Probation Office compiled a Presentence Investigation Report ("PSR") to assist the Court in calculating a proper sentence. Id. Probation interviewed Bober while compiling the report. During the interview, and under advice of counsel, Bober declined to discuss her substance abuse history. (#212, at 27). The PSR calculated Bober's total offense level at 39 and recommended a

sentence of 262 months, the low end of the Guideline range. (#215, at 2).

Bober filed a sentencing memorandum arguing against the alleged negative impacts of the recommended sentence. Id. Bober argued that the sentence would create a disproportionate disparity between Bober and her co-defendants, would constitute cruel and unusual punishment, and that Bober's co-defendant's domestic violence against her warranted a reduced sentence. Id. Additionally, Bober requested an evidentiary hearing and objected to the role adjustment used. Id. Bober's attorney raised these same arguments at the sentencing hearing. Id. Taking all arguments into consideration, the Court sentenced Bober to 84 months' imprisonment. Id. In its final judgment, the Court recommended that Bober "be permitted to enroll in the intensive drug treatment program ARDAP [sic] as available at the custodial institution." (#186, at 2). The Bureau of Prisons ("BOP") offers the Residential Drug Abuse Program ("RDAP") with hopes to "make a significant difference in the lives of offenders following their release from custody and return to the community." FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmates/custody_and_care/substance_abuse_treatment.jsp (last visited Dec. 4, 2020). Bober was then remanded to the custody of the U.S. Marshal and began serving her sentence. Id.

Bober filed a notice of appeal to the Ninth Circuit in February 2016. (#187). With the benefit of assistance of counsel, Bober filed a voluntary dismissal of her appeal, which the Ninth Circuit granted on January 10, 2017. (#207). Bober filed this § 2255 action on January 8, 2018, claiming ineffective assistance of counsel at the pleading, sentencing, and appellate stages of the case. (#211, at 4–6). The Court ordered the government to respond to the motion. (#213) The issue is now fully briefed and ripe for review.

II.     Legal Standard

Title 28 U.S.C. § 2255 allows a defendant in federal custody to challenge his conviction on the grounds that it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Though § 2255 allows certain collateral attacks to a judgment of conviction, it is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits

relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982).

The Court assumes that a judgment of conviction is valid once a defendant has waived or completed his appeal. Id. For that reason, the United States need not respond to a § 2255 petition until ordered to do so. Rule 4(b) of the Rules Governing § 2255 Petitions requires the Court to promptly review each § 2255 petition. If the Court cannot summarily dismiss the petition, it must order the United States attorney to respond. After reviewing the government's response, the Court must hold an evidentiary hearing unless the record makes clear that the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir. 1988). Alternatively, the Court may dismiss the petition without response or hearing if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) (citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982)).

III.     Analysis

Bober's original motion stated three claims for ineffective assistance of counsel. Each claim stated multiple errors her counsel allegedly made that constituted ineffective assistance. However, after receiving the government's response to her motion, Bober conceded to most of its arguments.[1] Regarding the government's response to Bober's claims, Bober stated that she "conceded to the government's argument (i) through (v) as she has no evidence to support the said grounds for relief." (#216, at 4). Only three of Bober's arguments remain. First, trial counsel's advice to not discuss her past substance abuse in her PSR interview constitutes ineffective assistance of counsel. Second, the Court should conduct an evidentiary hearing. Third, if the Court denies her motion to vacate, it should grant a certificate of appealability.

---

[1] Additionally, the Court agrees with the government's response regarding why Bober's other arguments would fail.

These remaining arguments will be addressed in turn.

### A. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim requires the showing that: 1) "counsel's representation fell below an objective standard of reasonableness;" and, 2) "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). The alleged deficient performance must fall "below an objective standard of reasonableness" and outside "the range of competence demanded of attorneys in criminal cases." Id. at 687–88. The analysis looks at "counsel's perspective at the time" and eliminates "the distorting effects of hindsight." Id. at 689. The standard for judging counsel's effectiveness is "a most deferential one" because "the attorney observed the relevant proceedings, knew of material outside the record, and interacted with the client, with opposing counsel, and with the judge." Harrington v. Richter, 562 U.S. 86, 105 (2011). As such, "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 559 U.S. 356, 371 (2010).

Bober's argument is that her attorney's advice to not discuss her past substance abuse during her PSR interview constituted ineffective assistance of counsel. Bober claims that if the Court had known that the PSR did not contain her drug history, it would have granted her a more lenient sentence to make up for the reduction of time offered by RDAP. Without a PSR outlining her drug history, Bober does not qualify for RDAP, but the final judgment recommended that Bober participate in the program.

This case is similar to another case decided in the circuit. In Jaimes v. United States, a prisoner filed a § 2255 petition alleging ineffective assistance of counsel. 2007 WL 2712919 (D. Haw. Sept. 12, 2007). The defendant argued that his counsel "was ineffective when she advised him not to answer a probation officer's questions regarding his drug history in connection with the preparation of his presentence report." Id. Therefore, "because the presentence report did not reflect his drug history, he was denied admission into the Bureau of Prisons' 500-Hour Comprehensive Drug Treatment Program, despite the court's recommendation that he participate in that program." Id. at *1. Jaimes sought an amendment to his PSR or an entirely new PSR that

reflected his drug history, which would make him eligible for the drug program. Id. The Jaimes court found that counsel's "ineffectiveness in advising him not to answer a probation officer's questions about his drug history" did not demonstrate that Jaimes's Sixth Amendment right to counsel was violated. Id. at *4. Counsel "made a tactical decision in advising Jaimes to remain silent during questioning for the presentence report." Id. at *5. While the prisoner in Jaimes sought only a change to his PSR and Bober attacks the constitutionality of her sentence, the Court finds the Jaimes ineffective assistance of counsel analysis persuasive. Bober's attorney's advice to not discuss her drug abuse history was a tactical decision that does not constitute ineffective assistance of counsel.

       Disagreement with a tactical decision does not meet the high bar set by Strickland. Indeed, a "reasonable tactical choice based on an adequate inquiry is immune from attack under Strickland." Gerlaugh v. Stewart, 129 F.3d 1027, 1033 (9th Cir. 1997); see also Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) ("[Petitioner's] disagreement with trial counsel's tactical decision cannot form the basis for a claim of ineffective assistance of counsel."). Bober's counsel made a tactical choice that worked wonderfully. Instead of the proposed Guideline sentence of 262 months, Bober was sentenced to 84 months, a full 178 months, or fourteen years and four months, less than the Guidelines recommended. Bober's sentence, like the Jaimes defendant's, "might have been worse had this drug history been detailed in the presentence report." Jaimes, 2007 WL 2712919, at *5. The Court finds it difficult to point to an example of counsel that was more effective than Bober's.

       This tactical choice did not prejudice Bober or cause the Court to give her a longer sentence. Bober argues that had the Court known that the absence of her past substance abuse in the PSR disqualified her from participation in RDAP, and the reduction in sentence that can come with it, it may have given her a more lenient sentence or instructed that the PSR be amended. The Court disagrees. District courts are "well aware that the ultimate decision as to whether an inmate will be accepted in the BOP's Drug Treatment Program rests with the BOP." Simpson v. United States, 2005 WL 3159657, *17 (N.D.N.Y. Nov. 25, 2005). The BOP is not required to follow any recommendations given by the Court. Potential completion of a

1  rehabilitation program that Bober is not guaranteed to gain access to, did not influence the
2  Court's sentence.
3        Bober has failed to satisfy either prong of the Strickland analysis and her ineffective
4  assistance of counsel claim fails. Neither Bober's claims nor a review of the record suggest that a
5  miscarriage of justice occurred at sentencing. As such, Bober's § 2255 claim of ineffective
6  assistance of counsel fails.

        B.  Evidentiary Hearing

8        An evidentiary hearing in a § 2255 motion is required unless the record makes clear that
9  the petitioner is not entitled to relief. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.
10 1988). As discussed above, the Court finds that the record evidence makes it clear that Bober is
11 not entitled to relief. The record shows that Bober's claim of ineffective assistance of counsel
12 fails to show representation below an objective standard of reasonableness or prejudice.
13 Therefore, no evidentiary hearing is needed.

        C.  Certificate of Appealability

15       Before appealing a denial of a § 2255 motion, a petitioner must "first obtain[] a certificate
16 of appealability pursuant to 28 U.S.C. § 2253(c)(1)(B)." United States v. Washington, 653 F.3d
17 1057, 1059 (9th Cir. 2011). To obtain the certificate, "the petitioner must make 'a substantial
18 showing of the denial of the constitutional right' as to each issue the prisoner seeks to appeal."
19 Id. (quoting 28 U.S.C. § 2253(c)(2), (3)). Bober has not made such a showing. Her argument
20 relies on her hope that if the Court had known she was ineligible for RDAP it would have
21 shortened her sentence by the amount of the reduction granted by successful completion of the
22 program. However, the Court understood the weight of its recommendation and BOP's role in
23 carrying out its program. The Court intended to grant Bober an 84-month sentence; potential
24 time reductions did not factor into the sentence. RDAP is a benefit granted by BOP, not a trick
25 used by courts to manipulate sentence lengths. Bober received a fair sentence. The Court's
26 recommendation that she participate in a program that BOP determined she does not qualify for,
27 did not deprive Bober of her right to a fair sentencing hearing.
28       The ineffective assistance of counsel claim failed on both prongs of the analysis and the

- 6 -

evidence weighs against Bober's claims. Accordingly, the Court denies Bober a certificate of appealability.

IV.     Conclusion

IT IS HEREBY ORDERED that Defendant's Motion to Vacate, Set Aside, or Correct Sentence (#211) is **DENIED**.

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Respondent and against Petitioner in the corresponding civil action, 2:18-cv-0044-KJD, and close that case;

IT IS FINALLY ORDERED that Defendant is **DENIED** a Certificate of Appealability.

Dated this 14th day of December, 2020.

                                                             Kent J. Dawson
                                                             United States District Judge